STEVEN G. SKLAVER (237612)
KALPANA SRINIVASAN (237460)
AMANDA BONN (270891)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
Email: ssklaver@susmangodfrey.com
Email: ksrinivasan@susmangodfrey.com
Email: abonn@susmangodfrey.com

*Attorneys for Defendant*
*Alta-Dena Certified Dairy, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| STEVEN M. IKEDA, MICHAEL MILLER, DAVID PETERSON, BENJAMIN ZENDEJAS and ARMANDO FELIX, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALTA-DENA CERTIFIED DAIRY, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. 12-cv-03034 R (FFMx)<br><br>**CLASS ACTION**<br><br>**ALTA-DENA CERTIFIED DAIRY, LLC'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR RELIEF FROM CENTRAL DISTRICT OF CALIFORNIA CIVIL LOCAL RULE 23-3** |

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................... 1

II.   PROCEDURAL HISTORY ....................................................................... 3

    A.  Plaintiffs' Counsel Disregard L.R. 23-3 in the *Verner* Class Action. ................................................................................................ 3

    B.  Plaintiffs' Counsel Disregard L.R. 23-3 in this Action. ...................... 4

    C.  In a Prior Case, Judge Carney Concluded that Plaintiffs' Counsel's Firm Would Not Adequately Represent the Class Because It Violated L.R. 23-3. ....................................................... 5

III.  ARGUMENT ............................................................................................ 6

    A.  Plaintiffs' *Ex Parte* Application Is Procedurally Improper Because They Offer No Justification for Failing to File a Regularly-Noticed Motion. ........................................................... 6

    B.  Plaintiffs' Request for Relief from Local Rule 23-3 Is Futile Because Plaintiffs' Counsel's Repeated Disregard of the Court's Rules Demonstrates Inadequacy as Class Counsel. ................................. 8

IV.   CONCLUSION ....................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

*Fendler v. Westgate-Cal. Corp.*,
  527 F.2d 1168 (9th Cir. 1975)..................................................................9

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ..............................................................2

*Kandel v. Brother Int'l Corp.*,
  264 F.R.D. 630 (C.D. Cal. 2010) ..........................................................9

*Mission Power Engineering Co. v. Continental Casualty Co.*,
  883 F. Supp. 488 (C.D. Cal. 1995)........................................................6

*Red. v. Kraft Foods, Inc.*,
  No. 10-1028-GW (AGRx), 2011 WL 4599833, at *14 (C.D. Cal.
  Sept. 29, 2011)......................................................................................9

*Taddeo v. Am. Invesco Corp.*,
  No. 08-cv-01463, 2011 WL 3957392, at *4 (D. Nev. Sept. 7, 2011)...............9

## RULES

C.D. Cal. L.R. 15-1.........................................................................................5

C.D. Cal. L.R. 23-3..................................................................................passim

Fed. R. Civ. P. 23....................................................................................2, 9

Fed. R. Civ. P. 26.....................................................................................12

## ORDERS

Minute Order Striking Class Claims, Dkt. No. 21, *Verner v. Swiss II,
  LLC*, No. 09-cv-5701 PA (CTx) (C.D. Cal. Jan. 6, 2010) ..................1

Order Denying Pl.'s Mot. for Class Certif., Dkt. No. 33, *Martinez v.
  Saint-Gobain Containers*, No. 06-cv-00690-CJC (MLGx) (C.D.
  Cal. July 15, 2008)............................................................................2, 5

Order to Show Cause, Dkt. No. 13, *Verner v. Swiss II, LLC*, No. 09-cv-
  5701 PA (CTx) (C.D. Cal. Dec. 1, 2009).........................................3

2324923v1/012862

1   Defendant Alta-Dena Certified Dairy, LLC ("Alta-Dena") opposes Plaintiffs'
2   *ex parte* application for relief from Central District of California Civil Local Rule
3   23-3 as procedurally improper and substantively wrong.

4   **I.   INTRODUCTION**

5   Plaintiffs' *ex parte* application for relief from the 90-day deadline to file a
6   class certification motion under Local Rule 23-3 is a textbook example of abuse of
7   the *ex parte* application process and of Plaintiffs' counsel's persistent disregard for
8   the Court's Local Rules.  This is not the first time that Plaintiffs' counsel have
9   ignored the 90-day deadline to move for class certification without filing a regularly
10  noticed motion for relief from Local Rule 23-3.  To the contrary, in a related action
11  in which they sought to represent the *same putative class* raising *nearly identical*
12  *claims* against Swiss, II, LLC ("Swiss II"), Alta-Dena's predecessor-in-interest,
13  Plaintiffs' counsel simply permitted the 90-day deadline to lapse, resulting in Judge
14  Anderson striking the class allegations altogether.  Minute Order Striking Class
15  Claims, Dkt. No. 21, *Verner v. Swiss II, LLC*, No. 09-cv-5701 PA (CTx) (C.D. Cal.
16  Jan. 6, 2010) (the "*Verner* Class Action").[1]

17  Then, after allowing the *Verner* Class Action to languish for over a year—
18  during which time Plaintiffs' counsel sought no discovery and filed no motions—
19  Plaintiffs' counsel found new class representatives, filed this nearly identical action
20  to try to save their class claims, and withdrew from representing Mr. Verner
21  altogether.  Sklaver Decl. ¶ 7 & Exs. 4-5.

22  One might think that after having had the class allegations stricken for failure
23  to abide by Local Rule 23-3 in the related *Verner* Class Action, Plaintiffs' counsel
24  might be more mindful of the deadline.  Not so.  Instead, after Alta-Dena initially
25  removed this action to federal court, Plaintiffs' counsel *again* allowed the 90-day
26  deadline to lapse without seeking any relief from the Court.  Sklaver Decl. ¶¶ 10-

---

[1] This order is attached as Exhibit 3 to the Declaration of Steven G. Sklaver
("Sklaver Decl.").

12.   Now, Alta-Dena has removed the case again and this Court recently denied Plaintiffs' motion to remand, an order that Plaintiffs have (improperly) asked the Ninth Circuit to reverse.  Sklaver Decl. Ex. 8.  For the third time, Plaintiffs' counsel again ignored the 90-day deadline to move for class certification following removal, waiting until the eleventh-hour to seek *ex parte* relief when they could have and should have filed a regularly-noticed motion much sooner.  Plaintiffs' *ex parte* application should therefore be denied as procedurally improper, because (1) they offer no explanation why they could not have filed a regularly noticed motion seeking the requested relief and (2) to the extent there is any need for emergency relief, their own lack of diligence is to blame.

Furthermore, the underlying request for relief from Local Rule 23-3 should be denied on the merits because it is futile.  One of the requirements for class certification is that the named Plaintiffs *and their counsel* will fairly and adequately represent the class.  Fed. R. Civ. P. 23(a)(4); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).  Plaintiffs' counsel have demonstrated through their disregard of the local rules and lack of diligence that they will not adequately represent the proposed class.  In addition, Judge Carney previously has concluded in a separate case that Plaintiffs' counsel were inadequate to represent a proposed class for substantially the same conduct—dilatory discovery and disregard of the 90-day deadline under Local Rule 23-3.  Order Denying Pl.'s Mot. for Class Certif., Dkt. No. 33, *Martinez v. Saint-Gobain Containers*, No. 06-cv-00690-CJC (MLGx) (C.D. Cal. July 15, 2008) (Sklaver Decl. Ex. 7).[2]  The same result is warranted here.

---

[2] The docket in the *Saint-Gobain Containers* case, which reflects that Plaintiffs' counsel was also counsel of record for the plaintiff in that case, is attached to the Sklaver Declaration as Exhibit 6.

## II.   PROCEDURAL HISTORY

### A.   Plaintiffs' Counsel Disregard L.R. 23-3 in the *Verner* Class Action.

On November 18, 2008, Plaintiffs' counsel filed a putative class action lawsuit on behalf of Plaintiff Valentin Verner against Swiss II, Alta-Dena's predecessor-in-interest.   Sklaver Decl. Ex. 9.   That case sought to represent the *same putative class* as in this case and raised nearly identical meal and rest break claims. *Compare   id. with* Pls.' First Amended Complaint, Dkt. No. 2 at Ex. 24. After Swiss II removed the case to this Court, on December 1, 2009, Judge Anderson issued an Order to Show Cause why the class allegations should not be stricken based on the plaintiff's failure to file a motion for class certification within 90 days of removal pursuant to Local Rule 23-3.   Order to Show Cause, Dkt. No. 13, *Verner v. Swiss II, LLC*, No. 09-cv-5701 PA (CTx) (C.D. Cal. Dec. 1, 2009) (Sklaver Decl. Ex. 2).   Upon receiving written submissions from both parties, the Court struck the plaintiff's class allegations for failure to abide by the local rules:

> [P]laintiff explains that he did not file a class certification motion because he was waiting to commence discovery concerning class certification issues until the parties' Rule 26(f) conference of the parties. . . . Until it was brought to their attention, the parties had done nothing to indicate that they were aware of Local Rule 23-3's requirements.   If Plaintiff was indeed aware of the deadline, and indeed intended to request an extension for the purpose of conducting discovery, Plaintiff should have sought relief from this Court in advance of the deadline. He failed to do so.

Minute Order Striking Class Allegations, Dkt. No. 21, *Verner v. Swiss II*, No. 09-cv-05701 PA (CTx) (C.D. Cal. Jan. 1, 2010) (Sklaver Decl. Ex. 3).

After the Court struck the class allegations in the *Verner* action (and after the Court remanded the action back to Los Angeles Superior Court), Plaintiffs' counsel allowed the case to remain dormant for well over one year, serving no discovery, taking no depositions, and filing no motions before eventually withdrawing as counsel in November 2011.   Sklaver Decl. ¶ 7 & Exs. 4-5.

## B.    Plaintiffs' Counsel Disregard L.R. 23-3 in this Action.

In the meantime, however, Plaintiffs' counsel sought a second bite of the apple, finding a new class representative, Mr. Ikeda, and filed this nearly identical class action lawsuit against Swiss II on behalf of the same putative class more than a year later, on May 5, 2011. *See* Compl., Dkt. No. 2 at Ex. 1.  After being added as a defendant as a successor-in-interest to Swiss II, Alta-Dena removed the case to this Court.  Plaintiffs' counsel improperly served discovery (in violation of the Federal Rules of Civil Procedure) before the parties held a Rule 26 conference, filed a motion to remand the case, and then amended the complaint to add new Plaintiffs and a new PAGA claim.  Sklaver Decl. ¶ 12; Notice of Removal ¶ 9.  But once again, Plaintiffs' counsel simply allowed the 90-day deadline to move for class certification to lapse.  Sklaver Decl. ¶ 13.

After the Court subsequently remanded the case, Alta-Dena removed again on April 6, 2012, arguing that the recently-added PAGA claim established diversity jurisdiction.  Plaintiffs filed a motion to remand, which this Court denied from the bench on June 4, 2012, concluding that diversity jurisdiction exists.  Plaintiffs have asked that the Ninth Circuit reverse that order.  Sklaver Decl. Ex. 8.  Given the fact that the 90-day deadline runs on July 5, 2012, Plaintiffs could have filed a regularly-noticed motion on June 4, 2012 after their remand motion was denied, which could have been scheduled for a hearing on July 2, 2012.  But once again, Plaintiffs' counsel did nothing to seek timely relief from the 90-day deadline to move for class certification.  Plaintiffs' counsel apparently prioritized trying to get this Court's remand order reversed by the Ninth Circuit over timely seeking relief from the 90-day deadline.

Plaintiffs' counsel e-mailed Alta-Dena's counsel on June 5, 2012, requesting a conference call to "talk about . . . our plan to proceed ex parte for relief from LR 23-3 and other general scheduling issues."  Sklaver Decl. ¶ 2 & Ex. 1.  During a

telephone call on Friday, June 8, 2012, Plaintiffs' counsel again indicated that they intended to seek *ex parte* relief from Local Rule 23-3 and its 90-day deadline. *Id.* ¶ 4. And yet, inexplicably, Plaintiffs' counsel then waited another *three full weeks* before actually filing the instant application late in the afternoon on Friday, June 29, 2012.[3]

## C.   In a Prior Case, Judge Carney Concluded that Plaintiffs' Counsel's Firm Would Not Adequately Represent the Class Because It Violated L.R. 23-3.

These cases against Swiss II and its successor-in-interest Alta-Dena are not the first occasions in which Plaintiffs' counsel have failed to abide by Local Rule 23-3 to the detriment of the putative class members they seeks to represent. In another wage and hour class action removed to this Court in July 2006, Plaintiffs' counsel again missed the 90-day deadline for moving for class certification under Local Rule 23-3, allowed the case to remain inactive for nearly one year after an unsuccessful one-day mediation, and then requested a new scheduling order only after the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. Order Denying Pl.'s Mot. for Class Certif., Dkt. No. 33 at 1-2, *Martinez v. Saint-Gobain Containers*, No. 06-cv-00690-CJC (MLGx) (C.D. Cal. July 15, 2008) (Sklaver Decl. Ex. 7). The Court denied the plaintiff's motion for class certification based on inadequate representation, concluding that there was no "valid excuse for the significant delay" in seeking class certification and that such "conduct suggests this case is not a priority to [plaintiff] *or his counsel*." *Id.* at 5 (emphases added).

---

[3] In the meantime, Plaintiffs' counsel disregarded yet another Local Rule, L.R. 15-1, by seeking leave to amend their complaint without actually submitting their proposed amended complaint to the Court for review. *See* Dkt. No. 25.

III.   **ARGUMENT**

A.    **Plaintiffs' *Ex Parte* Application Is Procedurally Improper Because They Offer No Justification for Failing to File a Regularly-Noticed Motion.**

Because the *ex parte* application is a procedural mechanism that is often abused, courts within this judicial district apply a rigorous burden of proof on a party seeking emergency relief.

The standards for granting an *ex parte* application are set forth in *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  There, the Court held that, as a procedural matter, "[a]n ex parte motion should never be submitted by itself," but rather "must always be accompanied by a separate proposed motion for the ultimate relief the party is seeking." *Id.* "The first part should address only why the regular noticed motion procedures must be bypassed," while "[t]he second part consists of papers identical to those that would be filed to initiate a regular noticed motion (except that they are denominated as a 'proposed' motion and they show no hearing date.)" *Id.* "*These are separate, distinct elements for presenting an ex parte motion and should never be combined.  The parts should be separated physically and submitted as separate documents.*" *Id.* (emphasis in original).

Plaintiffs have clearly failed to abide by these procedural requirements, combining their request for *ex parte* relief from the regular motion schedule with their underlying request for relief from Local Rule 23-3.  In other words, Plaintiffs disregard one set of procedural requirements for *ex parte* applications in requesting that they be permitted to disregard another set of procedural requirements for class certification motions.  For that reason alone, Plaintiffs' *ex parte* application should be denied.

The likely reason why Plaintiffs failed to file a separate *ex parte* application and request for underlying relief is that they cannot justify why emergency treatment of their request is necessary.  The purpose of the first part of an *ex parte*

2324923v1/012862                                    6

1    filing described above "is to establish why the accompanying proposed motion for
2    the ultimate relief requested cannot be calendared in the usual manner," which
3    requires the applicant to show why he "should be allowed to go ahead to the head
4    of the line in front of all other litigants and receive special treatment." *Id.* To meet
5    this burden, the applicant must show (1) that there will be "irreparable prejudice if
6    the underlying motion is heard according to the regular noticed motion procedures,"
7    and (2) that the applicant "is without fault in creating the crisis that requires ex
8    parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*

9         Plaintiffs have failed to meet their burden on either one of these
10   requirements. *First*, for the reasons set forth in Part III.B below, there will be no
11   irreparable prejudice because any motion for class certification would be futile. *Id.*
12   at 493. *Second*, Plaintiffs fail to offer *any* excuse for their failure to file a regularly-
13   noticed motion seeking relief from the Local Rule, and, indeed, there is none.
14   Plaintiffs, of course, also cannot explain why on June 5, 2012 they informed Alta-
15   Dena that they intended to seek this *ex parte* relief, and yet why Plaintiffs sat on his
16   purported emergency filing for an additional *twenty-four days*. Alta-Dena removed
17   this case in April 2012, after which Plaintiffs could have moved for relief from
18   Local Rule 23-3 at any time.  Even assuming Plaintiffs were entitled, without the
19   Court's permission, to violate Local Rule 23-3 until after their remand motion was
20   resolved, they could have drafted their motion in advance and filed it after the Court
21   announced from the bench on June 4, 2012 that the remand motion was denied.
22   Had they done so, Plaintiffs would have provided enough time for the motion to be
23   heard on the regular schedule prior to July 5, 2012, the date the 90-day deadline
24   expires.  At the very least, Plaintiffs raised the issue of *ex parte* relief with Alta-
25   Dena's counsel on June 5, 2012 and they could have filed their application
26   sufficiently in advance to allow a substantially less compressed briefing schedule.
27   Instead, they chose to wait until just one week before the Local Rule 23-3 deadline
28   runs to file their request for relief.

In short, Plaintiffs have failed to follow the procedural requirements that an *ex parte* application be filed separately from the underlying motion, failed to explain why they did not file a regularly noticed motion, and failed to justify why they should be afforded special treatment over other litigants who have followed the courts regular motion procedures. As a result, Plaintiffs' *ex parte* application should be denied as procedurally improper.

**B.    Plaintiffs' Request for Relief from Local Rule 23-3 Is Futile Because Plaintiffs' Counsel's Repeated Disregard of the Court's Rules Demonstrates Inadequacy as Class Counsel.**

Plaintiffs' *ex parte* application should be denied for the additional reason that their underlying request for relief is meritless. Plaintiffs' counsel have been pursuing wage and hour claims against Swiss II, Alta-Dena's predecessor-in-interest, for years and yet have failed to marshal any discovery in support of a class certification motion. ***Indeed, Judge Anderson has already stricken the class allegations in the related Verner Class Action because of Plaintiffs' counsel's disregard of Local Rule 23-3.***

In response to Judge Anderson's order, Plaintiffs' counsel simply allowed Mr. Verner's now-individual case to languish for over a year without seeking any discovery whatsoever, and then found another class representative to initiate class allegations against Swiss II yet again. Despite trying to skirt Judge Anderson's order by representing different putative class representatives, however, Plaintiffs' counsel *still* disregarded Local Rule 23-3, allowing the deadline to lapse when the parties were before the Court on Alta-Dena's initial removal, and then waiting until the eleventh hour to seek relief from the impending deadline now that the parties are before this Court again.

For a class to be certified under Federal Rule of Civil Procedure 23, the plaintiff must demonstrate that he will fairly and adequately represent the interests of the proposed class. "One of the criteria for adequacy of representation would appear to be the zeal and competence of the counsel and party who wish to

prosecute the action." *Fendler v. Westgate-Cal. Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). Class counsel's failure to abide by local rules, delay in moving for class certification, and dilatory conduct in discovery all warrant a finding that counsel will not adequately represent the class. *See, e.g., Kandel v. Brother Int'l Corp.*, 264 F.R.D. 630, 634-35 (C.D. Cal. 2010) (finding counsel inadequate based, in part on "fail[ure] to follow the Court's local rules, standing order, and instructions"); *Taddeo v. Am. Invesco Corp.*, No. 08-cv-01463, 2011 WL 3957392, at *4 (D. Nev. Sept. 7, 2011) (noting the "failure to timely respond to discovery requests, inadequacy in framing their complaints, failing to name Class representatives with claims against all defendants, and lack of decorum during depositions do not inspire confidence in the ability of Plaintiffs' counsel to adequately represent the interests of the class"). Courts within the Ninth Circuit review class counsel's conduct in similar cases in assessing whether they will adequately represent the class. *See, e.g., Red. v. Kraft Foods, Inc.*, No. 10-1028-GW (AGRx), 2011 WL 4599833, at *14 (C.D. Cal. Sept. 29, 2011).

Plaintiffs' counsel have demonstrated persistent disregard for this Court's local rules in this case, in a related case on behalf of the same putative class, and in yet another case in which Judge Carney concluded the firm could not adequately represent the proposed class. As Judge Carney noted, "[t]he class representative's lawsuit only tolls the statute of limitations applicable to class members' claims if the class is ultimately successful." Oder Denying Pl.'s Mot. for Class Certif., Sklaver Ex. 6 at 3. "Accordingly, as pre-certification delay mounts, class members are at an ever-increasing risk that their rights will be extinguished if class certification is unsuccessful." *Id.* at 4. In light of these concerns, Plaintiffs' counsel have repeatedly jeopardized the interests of the proposed class in this case, first by allowing the class claims to be stricken in the *Verner* Class Action over one year into the litigation by disregarding Local Rule 23-3, then by allowing the *Verner* case to languish for over one year before finding a new class representative,

and now by repeatedly ignoring Local Rule 23-3 in this action against Swiss II (and, now, its successor-in-interest Alta-Dena). And this is not the first time that Plaintiffs' counsel have ignored Local Rule 23-3 to the detriment of the proposed class they seek to represent. To the contrary, in 2008, Judge Carney concluded that they were inadequate class counsel for precisely the same reason. *Id.* at 4-5.

Plaintiffs' *ex parte* application and the supporting declaration offer myriad excuses for why they should be relieved under their obligation to move for class certification under Local Rule 23-3. They complain principally that they have been unable to take necessary discovery. Even if this argument were accurate (and it is not), it is a problem of plaintiffs own making. Plaintiffs' counsel have had every opportunity to seek discovery of the meal break policies and procedures at issue here in the *Verner* Class Action, but failed to do so despite the fact that the lawsuit was pending for over two years before the class action allegations were stricken and they withdrew from representing Mr. Verner. In this case, Plaintiff Ikeda served discovery when Alta-Dena first removed the case (but did not follow through on it) and, since then, Plaintiffs have repeatedly agreed to postpone the deadlines for Alta-Dena to respond to their discovery requests. If Plaintiffs were indeed so concerned about obtaining discovery in time to move for class certification under Local Rule 23-3, and if such discovery were truly needed, they could have filed a timely, regularly-noticed motion seeking relief under the Local Rule or, in the alternative, for permission to serve early discovery under Federal Rule of Civil Procedure 26. They chose to do neither.

Plaintiffs' counsel are well aware of the deadlines for class certification motions under the Court's local rules but have repeatedly ignored them in this case, in the related *Verner* case, and in yet another case in which Judge Carney ultimately found that they were not adequate class counsel for precisely the same reason: failure to diligently pursue the case. The same result is warranted here.

1

## IV.   <u>CONCLUSION</u>

2

For the reasons set forth above, Plaintiffs' *ex parte* application for relief from

3

the 90-day deadline for class certification motions under the Local Rules should be

4

denied as procedurally improper and futile on the merits.

5

6

Dated:  July 1, 2012

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STEVEN G. SKLAVER
KALPANA SRINIVASAN
AMANDA BONN
SUSMAN GODFREY L.L.P.


By: */s/ Amanda Bonn*
Amanda Bonn
*Attorneys for Defendant
Alta-Dena Certified Dairy, LLC*